# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY VELAZQUEZ,<br><br>        Plaintiff,<br>vs.<br><br>ARROW FINANCIAL SERVICES LLC,<br><br>        Defendant. | CASE NO. 08-CV-1915 H (NLS)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |

On June 4, 2009, Defendant Arrow Financial Services filed a motion to dismiss Plaintiff's First Amended Complaint. (Doc. No. 14.) On June 22, 2009, Plaintiff filed her response in opposition to Defendant's motion to dismiss. (Doc. No. 15.) On June 29, 2009, Defendant filed a reply in support of its motion to dismiss. (Doc. No. 16.) On July 6, 2009, the Court heard oral argument on Defendant's motion to dismiss. Robert Hyde appeared on behalf of Plaintiff. Sondra Levine appeared on behalf of Defendant. For the following reasons, the Court grants in part Defendant's motion and dismisses without prejudice Plaintiff's FAC. Plaintiff may file an amended complaint curing the noted deficiencies no later than **October 1, 2009**.

## Background

On October 17, 2008, Plaintiff filed a Complaint against Defendant alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the California Rosenthal Act, California Civil Code § 1788 et seq. (Doc. No. 1.)

Plaintiff alleges that she is obligated or allegedly obligated to pay a debt incurred sometime before May 20, 2008. (FAC ¶¶ 12, 20.) Plaintiff's Complaint "takes no position as to the validity of this alleged debt." (FAC ¶ 23.) After incurring the debt, but before May 20, 2008, Plaintiff allegedly fell behind in repaying the debt. (Id.) Plaintiff states that the alleged debt was subsequently assigned or otherwise transferred to Defendant for collection. (FAC ¶ 24.)

Plaintiff alleges that, on May 20, 2008, Defendant filed a state court action against Plaintiff in an attempt to collect the debt. (FAC ¶ 25.) The Complaint states that Defendant failed to provide certain notifications to Plaintiff along with the state court complaint. (FAC ¶¶ 29, 30.) Plaintiff further alleges that Defendant's lawsuit was initiated "without any reasonable inquiry into the facts or merits of the allegations," that the state court complaint made false representations, and that Defendant knew it would be unable to prove its case in state court. (FAC. ¶¶ 31, 36.) Plaintiff alleges that Defendant's conduct in connection with the state law suit violated several provisions of the FDCPA and the Rosenthal Act. Defendant moves to dismiss Plaintiff's entire complaint for failure to state a claim.

## Discussion

### I. Motion to Dismiss – Legal Standard

Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

/ / /

The Supreme Court has stated that the factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. Id. at 1966 n.5. The Supreme Court has recently reiterated this principle, stating that the pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S. Ct. at 1966). The Court applies this standard to Plaintiff's challenged allegations.

## II. Plaintiff's Claims Under the Federal FDCPA

The federal Fair Debt Collection Practices Act "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (quotation omitted). The FDCPA prohibits the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2). This is consistent with the more general provision that collectors may not use any false representation or deceptive means to collect a debt. 15 U.S.C. § 1692e(10). Additionally, collectors may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

In this case, Plaintiff's FAC alleges that Defendant has violated these prohibitions by commencing a debt collection lawsuit against Plaintiff without a reasonable inquiry into the merits of the allegations, alleging a debt amount that was not owed by Plaintiff, and dismissing the suit soon after Plaintiff filed an answer and served discovery requests. (FAC ¶¶ 31-38.)

Reading the FDCPA as a whole, the Ninth Circuit has held that a plaintiff need not show that a debt collector's violation of Section 1692e was intentional in order to establish liability. Clark v. Capital Credit & Collection Svcs., Inc., 460 F.3d 1162, 1175-76 (9th Cir.

2006).[1]  However, in this case, Plaintiff's FAC fails to adequately plead facts showing any violation.

Courts in the Ninth Circuit apply a "least sophisticated debtor" standard to claims under Section 1692e.  Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996).  A debt collector violates Section 1692e when its actions "are likely to deceive or mislead a hypothetical least sophisticated debtor."  Id.  (quotation omitted); Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007).

Here, Plaintiff has not shown that Defendant's state court complaint could have misled such a hypothetical debtor.  In fact, Plaintiff's FAC does not even show that Defendant's collection suit involved false allegations.  Plaintiff alleges that Defendant sought to collect a debt not actually owed, but fails to substantiate these allegations with something more than conclusory allegations not entitled to the assumption of truth.  (FAC ¶¶ 32-33.); Iqbal, 129 S. Ct. at 1951.  Moreover, the FAC explicitly states that Plaintiff "currently takes no position as to the validity of this alleged debt."  (FAC ¶¶ 23, 32-33.)  In light of this inconsistent language, Plaintiff's allegations of false representation fail to state a "plausible claim for relief" as required to survive a 12(b)(6) motion.  Iqbal, 129 S. Ct. at 1950 ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

Plaintiff's claim under Section 1692e(5) is similarly deficient.  The FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or that they do not intend to take.  15 U.S.C. § 1692e(5); Wade, 87 F.3d at 1099-1100.  Plaintiff's FAC alleges that Defendant violated this section by filing the state suit without adequate investigation and dismissing that suit because it knew it could not prove its allegations.  (FAC ¶¶ 31, 36, 38.)  Even if a hypothetical unsophisticated debtor would view the state court complaint as a threat, Plaintiff has alleged no facts showing that Defendant had no right to institute the action or that

---

[1] The Ninth Circuit reached this conclusion based on the language of 15 U.S.C. § 1692k(2), which provides that "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  Clark, 460 F.3d at 1175.  Requiring a plaintiff to show intentional violation would render this provision superfluous.  Id. at 1176.

1  Defendant did not intend to litigate the action. The California rules of civil procedure allow
2  a plaintiff to voluntarily dismiss an action any time before trial. Cal. Civ. Proc. Code § 581(b).
3  "Apart from certain statutory exceptions, a plaintiff's right to a voluntary dismissal under
4  section 581 appears to be absolute." 321 Henderson Receivables Origination LLC v. Sioteco,
5  93 Cal. Rptr. 3d 321, 331 (Cal. Ct. App. 2009). That a plaintiff chooses to exercise that right
6  early in the case cannot establish that the action was improperly brought or that the plaintiff
7  never intended to litigate. In this case, the fact that Defendant dismissed its state court action
8  after Plaintiff answered is "merely consistent" with Plaintiff's allegation that Defendant never
9  intended to litigate and thus "stops short of the line between possibility and plausibility of
10 entitlement to relief." Twombly, 127 S. Ct. at 1966 (quotation omitted). "Where the
11 well-pleaded facts do not permit the court to infer more than the mere possibility of
12 misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to
13 relief." Iqbal, 129 S. Ct. at 1950. Because Plaintiff's allegation under Section 1692e(5) does
14 not show an entitlement to relief, it cannot survive Defendant's motion to dismiss.

15   Accordingly, the Court dismisses Plaintiff's first cause of action and grants leave to
16 amend.

17 **III.   Plaintiff's Claims Under the California Rosenthal Act**

18   Plaintiff's second cause of action alleges that Defendant violated the California
19 Rosenthal Act by failing to provide certain notices along with service of the state court
20 complaint. (FAC ¶¶ 27-30.)

21   California's Rosenthal Fair Debt Collection Practices Act establishes liability under
22 California law for violations of the federal FDCPA. Cal. Civ. Code § 1788.17; Hood v. Santa
23 Barbara Bank & Trust, 49 Cal. Rptr. 3d 369, 544 (Cal. Ct. App. 2006). Plaintiff's lack-of-
24 notice claim is based in part on 15 U.S.C. § 1692g, which requires that:

25   Within five days after the initial communication with a consumer in connection
26   with the collection of any debt, a debt collector shall, unless the following
27   information is contained in the initial communication or the consumer has paid
28   the debt, send the consumer a written notice containing (1) the amount of the

debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Defendant argues that its complaint was not an "initial communication" triggering this notice requirements because the FDCPA was amended in 2006 to provide that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." 15 U.S.C. § 1692g(d). However, while this amendment may relieve Defendant of liability under the FDCPA, it is not dispositive as to liability under the Rosenthal Act. The incorporating section of the California statute states that "references to federal codes in this section refer to those codes as they read January 1, 2001." Cal. Civ. Code § 1788.17.

Plaintiff argues that the Legislature's 2006 amendment indicates that, prior to 2006, a pleading was considered an initial communication under the FDCPA. (Opp. at 4.) This conclusion does not follow from such an amendment, which was more likely a clarification than a reversal. The Second Circuit has reached the opposite conclusion, holding that the initiation of a state debt collection lawsuit is an "initial communication" under the pre-amendment FDCPA. Goldman v. Cohen, 445 F.3d 152, 156 (2d Cir. 2006) (citing Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914 (7th Cir. 2004)). However, the Eleventh Circuit previously held that a legal action does not constitute an "initial communication" within the meaning of that statute. Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. 2003). While these

1 cases are not binding on this Court, they suggest a disagreement between the circuits
2 necessitating clarification from the Legislature. Plaintiff has cited no controlling authority
3 interpreting the Rosenthal Act to encompass legal actions through 15 U.S.C. § 1692g.

4     Plaintiff's lack-of-notice claim also relies on Section 1812.700 of the Rosenthal Act,
5 which requires that an additional notice be included "with the first written notice initially
6 addressed to a California address of a debtor in connection with collecting the debt by the
7 third-party debt collector." Cal. Civ. Code. § 1812.700(a). Again, Plaintiff provides no
8 authority for the proposition that a legal pleading can constitute a "first written notice" under
9 this provision. Instead, Plaintiff relies on its own conclusory allegation that the filing was such
10 an initial communication. (FAC ¶ 28, Opp. at 5.) Such statements, however, are legal
11 conclusions, and they are not entitled to the presumption of truth. Iqbal, 129 S. Ct. at 1949.

12     Accordingly, it is not clear that Plaintiff's second cause of action is based on a
13 cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.
14 1984). However, because this case is before the Court under federal question jurisdiction, and
15 the Court has dismissed Plaintiff's federal claim, it dismisses without prejudice Plaintiff's
16 second cause of action. Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1101 (9th Cir. 1996)
17 ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it
18 should decline jurisdiction over the state claims and dismiss them without prejudice.")[2]

19 ///
20 ///
21 ///
22 ///
23 ///

---

[2] Defendant seeks to avoid Rosenthal Act liability under California's litigation privilege. (Mot. at 7.); Cal. Civ. Code § 47(b)(2). Plaintiff cites a district court case, Nickoloff v. Wolpoff & Abramson, L.L.P., which held that Rosenthal Act claims were barred by the litigation privilege. 511 F. Supp. 2d 1043. However, the California Court of Appeals has recently held that the litigation privilege does not apply to bar claims under the Rosenthal Act. Komarova v. Nat'l Credit Acceptance, Inc., 95 Cal. Rptr. 3d 880 (Cal. Ct. App. 2009). The Komarova court stated that "the privilege cannot be used to shield violations of the [Rosenthal] Act." Id. at 890. Accordingly, the Court declines to dismiss Plaintiff's second cause of action on this ground.

**Conclusion**

Accordingly, the Court dismisses Plaintiff's FAC without prejudice. Plaintiff may file an amended complaint curing the noted deficiencies no later than **October 1, 2009**.

IT IS SO ORDERED.

DATED: August 31, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT